AB:GSM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

       - against -

KAHMEL MOBLEY,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT

Case No. 21-MJ-688

(18 U.S.C. § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

MICHAEL A. McCARTHY, being duly sworn, deposes and states that he is a Detective with the New York City Police Department, duly appointed according to law and acting as such.

On or about June 5, 2021, within the Eastern District of New York, the defendant KAHMEL MOBLEY, knowing that he had been previously convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce, a firearm, to wit: a loaded Jennings Firearms by Bryco Arms semi-automatic pistol bearing serial number 784085.

(Title 18, United States Code, Section 922(g)(1))

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.      I am a Detective with the New York City Police Department ("NYPD") and have been involved in the investigation of numerous cases involving the recovery of firearms and ammunition.   I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.   Where I describe the statements of others, I am doing so only in sum and substance and in part.

2.      On or about June 5, 2021, at approximately 10:30 p.m., six NYPD officers were on a public safety patrol in two NYPD vehicles (three officers per vehicle) in the Crown Heights neighborhood of Brooklyn, New York.[2]   Initially, Officer-1 was in the rear driver's side seat of the lead vehicle and Officer-2 was in the rear driver's side seat of the second vehicle.

3.      While driving south on Schenectady Avenue, the officers in the lead vehicle observed a crowd of people gathered on and around the public sidewalk south of Prospect Place.   Officer-1 observed that numerous individuals in the crowd were holding red

---

[1]   Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

[2]   Because multiple law enforcement personnel were involved in the arrest of this defendant, I refer to two of the officers as Officer-1 and Officer-2 for ease of reference. The identities of each of these individuals are known to the affiant, and I and/or another law enforcement officer have interviewed each of these individuals about the events set forth herein.

cups and appeared to be consuming alcohol from the cups.   Officer-1 and the other officers in the lead vehicle then exited the vehicle to disperse the crowd.

4.     As Officer-1 stepped out of his vehicle, he observed the defendant KAHMEL MOBLEY in the crowd and noticed that the defendant was wearing a fanny pack across his chest.   The fanny pack appeared to contain a heavy object.

5.     As the officers approached the crowd, an unidentified individual tapped the defendant on his shoulder and motioned toward the officers.   Officer-1 then observed the defendant cross the street and begin crouching beside a parked vehicle.   Officer-1 also observed the defendant grabbing the fanny pack and attempting to remove it.

6.     As Officer-1 approached the defendant, who was still crouching beside a parked vehicle, the defendant fled.   Suspecting from his observations, training and experience that the fanny pack contained a firearm, Officer-1 pursued the defendant.   While pursuing the defendant, Officer-1 saw the defendant remove the fanny pack from his chest and throw it under another parked vehicle.   Officer-1 continued to pursue the defendant and apprehended him approximately 30 seconds later.

7.     When Officer-1 began to pursue the defendant, Officer-2 had also joined the pursuit and also saw the defendant remove the fanny pack and throw it under the parked vehicle.   When Officer-2 observed the defendant throw the fanny pack, she temporarily stopped her pursuit, crouched besides the parked vehicle, and recovered the fanny pack from under the vehicle near the vehicle's front left tire.   She then rejoined the pursuit while carrying the fanny pack and caught up to Officer-1.   As Officer-2 held the fanny pack, she noted that its contents felt like a firearm.   Once the defendant was

apprehended, Officer-2 opened the fanny pack and visually confirmed that it contained a firearm.

8.      Once apprehended, the defendant was transported to the 77th NYPD Precinct.   During processing, the defendant made several spontaneous utterances, including, in sum and substance and in part:

       i.      "Fuck it, it is what it is."

      ii.      "I'd rather get caught with it than without it.   Y'all lucky as a bitch."

     iii.      "Let me not have been drunk, [the officers] were not catching me."

9.      I have reviewed the defendant's criminal history, which revealed that on or about April 13, 2021, in New York County Supreme Court, the defendant was convicted of grand larceny in the fourth degree, in violation of New York Penal Law § 155.30, a class E felony, which I know to be a crime punishable by a term of one year or more, and is awaiting sentencing.   The defendant's criminal history further revealed that, on or about April 11, 2014, in New York County Criminal Court, the defendant was convicted of burglary in the second degree, in violation of New York Penal Law § 140.25, a class C felony, which I know to be a crime punishable by a term of one year or more, and was sentenced on or about October 22, 2014 to a term of two years' imprisonment and two years' post-release supervision.

10.      I have conferred with a Nexus expert, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), who has informed me, in substance and in part, that the Jennings Firearms by Bryco Arms semi-automatic pistol recovered in this case was manufactured outside the state of New York.

## REQUEST FOR SEALING

11.    It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and arrest warrant, as disclosure would give the target of the investigation an opportunity to destroy evidence, harm or threaten witnesses, change patterns of behavior, notify confederates and flee from or evade prosecution and therefore have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant KAHMEL MOBLEY so that he may be dealt with according to law.

MICHAEL A. McCARTHY
Detective
New York City Police Department

Sworn to before me by telephone this
11 th day of June, 2021

*Taryn A. Merkl*
THE HONORABLE TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK